IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00307-GPG

CRAIG ROBLEDO-VALDEZ,

    Applicant,

v.

JEFF SCHRADER, and
PAUL WEIR,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Craig Robledo-Valdez, is a pretrial detainee at the Jefferson County Detention Facility in Golden, Colorado. Mr. Robledo-Valdez has filed *pro se* an Emergency Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) seeking either his immediate release on bond or dismissal of the criminal charges pending against him.

    The Court must construe the Application liberally because Mr. Robledo-Valdez is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

    Mr. Robledo-Valdez alleges that he was arrested in Texas on December 9, 2014, and extradited to Colorado. He specifically claims that his arrest and the extradition were unlawful. Mr. Robledo-Valdez further alleges that a judge in Jefferson County, Colorado, has imposed an unreasonable and excessive cash-only bond, that he is being

held at the Jefferson County Detention Facility in violation of numerous laws and statutes, and that his public defender refuses to help him.  Mr. Robledo-Valdez also alleges that his name was slandered and defamed prior to his arrest in Texas and that he was extradited in an unsanitary van.

The Court notes initially that whatever claims Mr. Robledo-Valdez is asserting regarding the alleged slander and defamation and transport in an unsanitary van may not be raised in this habeas corpus action.  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  See Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).  Mr. Robledo-Valdez's allegations regarding slander and defamation and being transported in an unsanitary van do not implicate the legality of his custody.  Therefore, the Court will not address those allegations further and whatever claims Mr. Robledo-Valdez may be asserting based on those allegations will be dismissed.

Mr. Robledo-Valdez also may not challenge the lawfulness of his extradition from Texas in this action.  "Before a fugitive in custody is extradited to the demanding state, he may challenge the authority of the asylum state by seeking a federal writ of habeas corpus.  Yet, 'once the prisoner has been returned to the demanding state, the writ of habeas corpus is no longer available to challenge his confinement upon grounds arising in the asylum state.'"  Gee v. State of Kan., 912 F.2d 414, 416 (10th Cir. 1990) (quoting Frisbie v. Collins, 342 U.S. 519, 522 (1952) (citations omitted)).  Therefore, Mr. Robledo-Valdez's claims challenging the lawfulness of his extradition from Texas must be dismissed.

Finally, the Court will abstain from addressing the Application to the extent Mr.

Robledo-Valdez is asserting claims that challenge the ongoing state court criminal proceedings. Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

The first condition is met because Mr. Robledo-Valdez concedes the state court proceedings are ongoing. The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) (citing *Younger*, 401 U.S. at 44-45). With respect to the third condition, Mr. Robledo-Valdez fails to demonstrate the absence of an adequate opportunity to present his claims in the state proceedings.

Mr. Robledo-Valdez "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Phelps*, 122 F.3d at 889 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)). However, the fact that Mr. Robledo-Valdez will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. *See Younger*, 401 U.S. at 46; *Dolack v.*

*Allenbrand*, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Phelps*, 122 F.3d at 889. It is Mr. Robledo-Valdez's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.*

Mr. Robledo-Valdez fails to allege facts that demonstrate the criminal case against him was commenced with no reasonable hope of success. He also fails to allege specific facts that demonstrate any improper motivation for the charges. Finally, he fails to allege facts that indicate the criminal case against him has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. In short, Mr. Robledo-Valdez's conclusory assertions that he is innocent are not sufficient to overcome the bar of *Younger* abstention.

To summarize, Mr. Robledo-Valdez's claims challenging the ongoing state court criminal proceedings will be dismissed because he fails to allege facts that indicate he will suffer great and immediate irreparable injury if the Court does not intervene in those proceedings. If Mr. Robledo-Valdez ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas

corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for the reasons stated in this order.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   19th   day of    February   , 2015.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court